### Case No. 4,958.

FOSSITT et al. v. BELL.

[4 McLean, 427.] [1]

Circuit Court, D. Ohio. July Term, 1848.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Taffe, for plaintiffs.
Mr. Brush, for defendant.

LEAVITT, District Judge. This suit is brought on a note drawn by the defendant for $1,174 41, payable to Britton Leming, or order, twenty days after date, dated 2d of February, 1847, and indorsed by Leming to the plaintiffs. The defendant has pleaded a set-off to this note, in substance as follows: That before the indorsement of the note to the plaintiffs, Leming was indebted to Bell, in the sum of $750, on a note dated 1st of May, 1847, payable to E. Holmes one day after date, and in the further sum of $750, on a note dated 1st January, 1847, payable to said Holmes, the 1st of June in that year, both indorsed to Bell by Holmes. The matter in controversy between these parties is, whether these notes constitute a legal set-off in the present action. And this depends wholly on the date of the indorsement of the note on which this action is brought. It is very clear, if the plaintiffs became the owners of this note for a good consideration, before its maturity, and without notice of any offset against it by the defendant, the latter can not avail himself in this action of Leming's note to Holmes, indorsed by Holmes to him. It is well settled, that the bona fide holder of a negotiable note, indorsed before it is due, holds it clear of any claim in favor of the maker against the payee, existing before or at the date of the indorsement. In such a case, the remedy of the maker is against the payee. The reverse of this principle obtains, if the note is indorsed after maturity. Then the indorsee takes it at his own risk, subject to any demand in favor of the maker against the payee.

It will be for the jury to decide the question of fact, involving the actual date of the indorsement of the note in question. It would appear from the evidence, that this note became the property of the plaintiffs under the following circumstances, as set forth in the deposition of Joseph R. Gitchell. He testifies, that in January, 1847, Leming sent for the witness; that he went to Leming's house, and found him sick and confined to his room. Leming expressed a wish to secure certain creditors, and especially the plaintiffs in this suit. And for this purpose transferred, for the special benefit of the plaintiffs, an account against the defendant, amounting to $1,300, executing at the same time an order for the payment of the account to them. The defendant, it seems, recognized this transfer, and on the 1st or

2d of February, 1847, paid in cash on the account transferred for the security of the plaintiff, the sum of $135, and gave his note, payable to Leming, for the balance, $1,174 41. This is the note on which this suit is brought—it bears date 2d of February, 1847, and is payable in twenty days. Leming, on that day indorsed the note in blank and delivered it to Gitchell for the use and benefit of the plaintiffs. Gitchell acted as the friend and agent of plaintiffs, but without any previous understanding or conference with them in regard to this transaction. He states, that the note was delivered to the plaintiffs or their agent, in the beginning of May, 1847.

From the evidence before the jury, there seems to be nothing disclosed impeaching this transaction as fraudulent. Leming, who was a bona fide debtor of the plaintiffs, evinced a proper desire that they should be paid, and for this purpose transferred his claim against Bell, as before stated. Subsequently, on the 2d of February, 1847, Bell gave his note for the balance then due on that account, payable to Leming or order, in twenty days, and this note on the same day was indorsed by Leming, and placed in the hands of Gitchell, to be held by him for the benefit of the plaintiffs. There is no evidence that Leming was, at this time, insolvent or even embarrassed in his circumstances; and there is, therefore, no ground to presume an intention on his part, to give a fraudulent preference to the plaintiffs over the other creditors. Nor is there any pretense that he was not justly indebted to the plaintiffs to the amount of this note. If the jury are satisfied that the note on which this suit is brought, was fairly indorsed to the plaintiffs, on the 2d of February, 1847, and on that day became the property of the plaintiffs, through the agency of Gitchell, though not delivered to them till the beginning of May following, it will result, from the principles of law before laid down, that they are entitled to a verdict for the amount of the note and interest

The notes of Leming to E. Holmes, insisted on as a proper matter of set-off against the plaintiffs' claim, were indorsed by Holmes to the defendant on the 1st of May, 1847—more than two months after the maturity of the note indorsed by Leming to the plaintiffs. These notes can not, therefore, be set off in this suit. It would seem, from the evidence, that they were transferred to the defendant upon the condition that they could be set off against the note on which this suit is brought. From this, it is to be inferred that the defendant entertained doubts whether they could be so used, at the time they were transferred to him. He has no ground of complaint that they do not constitute a set-off in this action. By the terms of the agreement between the defendant and Holmes, the former has a clear right to return the notes to Holmes; or, if he prefers that course, he can seek his remedy by suit against Leming. In either case, he will not be a sufferer.

Verdict for the plaintiffs.